## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| v. | ) ) | |
| | ) | |
| I.G. BURTON OF SEAFORD, LLC, A SUBSIDIARY OF I.G. BURTON & COMPANY, INC., | ) ) ) | |
| | ) | COMPLAINT |
| | ) | |
| | ) | JURY TRIAL DEMAND |
| | ) | |
| | ) | |
| Defendant. | ) | |

### NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Blair McMasters and a class of similarly situated individuals aggrieved by those unlawful practices. As alleged with greater particularity in Paragraphs 7(a) through (c) below, the Commission alleges that Defendant terminated Mr. McMasters, then age 75, and a class of similarly-situated individuals in the protected age group, from their positions as Runners, based on their age(s). As a result of the discriminatory practices, Mr. McMasters and the class members suffered backpay and front pay losses.

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the

"FSLA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.    The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the District Court for the District of Delaware.

PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission, (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.    At all relevant times, Defendant I.G. Burton of Seaford, LLC, a subsidiary of I.G. Burton & Company, Inc. (the "Employer"), a Delaware corporation, has continuously been doing business in the State of Delaware and the Cities of Seaford and Milford, and has continuously had at least 20 employees.

5.    At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

CONCILIATION

6.    Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.      Since at least January 1, 2002, the Defendant Employer has engaged in unlawful employment practices at its facilities in Seaford, Delaware and Milford, Delaware, in violation of § 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1) as follows:

(a)      Blair McMasters began working for Defendant Employer as a "Runner", on July 1, 2003.  Defendant Employer employed Runners, whose duties included driving its vehicles and delivering them to designated areas, and picking up cars from customers for service or repairs.  Mr. McMaster's duties also included driving to department of motor vehicles offices to drop off title applications and return them to the dealership.  Mr. McMasters had a good driving record and satisfactorily performed the duties of his position.

(b)      Defendant Employer has a policy of terminating Runners on or before they turn seventy-five (75) years of age.  On February 24, 2005, Defendant Employer's Office Manager, Paula Fisher, asked Mr. McMasters for the date of his next birthday.  He told her it was on March 3, 2005, and that he would be 75 years old.  Defendant Employer terminated Mr. McMasters one week later, on the day before his 75th birthday.

(c)      Defendant Employer terminated a class of similarly-situated Runners on or shortly before their 75th birthday on the basis of age. Upon information and belief, these class members were advised by Defendant Employer that they would be terminated from their Runner positions immediately prior to their seventy-fifth (75th) birthday(s) because of their age(s).

8.      The effect of the practices complained of in Paragraphs 7(a) through (c) above has been to deprive Blair McMasters and a class of similarly-situated individuals of equal employment opportunities and otherwise adversely affect their status as employees because of age.

9.    The unlawful employment practices complained of in Paragraphs 7(a) through (c) above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining the Defendant , its officers, successors, assigns and all persons in active concert or participation with it, from engaging in terminations based on age, and any other employment practice which discriminates against individuals 40 years of age and older.

B.    Order the Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals age 40 and older, and which eradicate the effects of its past and present unlawful employment practices.

C.    Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, and an equal sum as liquidated damages, and prejudgment interest to Blair McMasters and a class of similarly situated individuals, whose wages are being unlawfully withheld as a result of the acts complained of above.

D.    Order Defendant Employer to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to the reinstatement of Blair McMasters and the class members, or frontpay in lieu thereof if reinstatement is not feasible.

E.    Grant such further relief as the Court deems necessary and proper in the public interest.

F.    Award the Commission its costs in this action.

4

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, NW
Washington DC 20507

JACQUELINE H. McNAIR
Regional Attorney

JUDITH A. O'BOYLE
Supervisory Trial Attorney

MARY M. TIERNAN
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
The Bourse Building
21 S. 5th Street, Suite 400
Philadelphia PA 19106
Telephone: (215) 440-2828

Local Counsel:

UNITED STATES ATTORNEY
DISTRICT OF DELAWARE

COLM F. CONNELLY
U.S. Attorney

DOUGLAS McCANN
Asst. U.S. Attorney, Chief Civil Division
Acting Civil Chief, U.S. Attorney
The Nemours Building
1007 Orange Street
Suite 700
Wilmington, Delaware 19899-2046
(302) 573-6277
DE BAR ID NO. 2145

✎JS44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE SEPARATE INSTRUCTION SHEET.)

## I. (a) PLAINTIFFS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DEFENDANTS

I. G. BURTON OF SEAFORD, LLC, A SUBSIDIARY OF I.G. BURTON & COMPANY, INC.

| (b) County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant    SUSSEX |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorneys (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| MARY M. TIERNAN, ESQ.<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>PHILADELPHIA DISTRICT OFFICE<br>21 SOUTH FIFTH STREET, SUITE 400<br>PHILADELPHIA, PA 19106<br><br>(215) 440-2686 | |

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

x 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)    (Place an "X" in One Box for Plaintiff and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT
(Refer to Instruction sheet)

Please insert Nature of Suit Code _____442_____

Please insert Description    Civil Rights - Employment

## V. ORIGIN
(PLACE AN "X" IN ONE BOX ONLY)

x 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to the Charging Party, Blair McMasters and a class of similarly situated individuals, who were aggrieved by such practices.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:    x Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 8/18/06 | _Mary M. Tiernan    Dawyf E. Nel AUSA_ |

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. $\underline{\phantom{xx} 0\ 6\ ^-\ 5\ 2\ 4 \phantom{xx}}$

# ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_____8|24|06_____
(Date forms issued)

_____
(Signature of Party or their Representative)

_FRANK JOYCE /PARCELS, INC._
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action