IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>I.G. BURTON OF SEAFORD, LLC, A SUBSIDIARY OF I.G. BURTON & COMPANY, INC.,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 06-524-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT DECREE

## INTRODUCTION

A.  This action was instituted by the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), on August 2, 2006, against I.G. Burton of Seaford, LLC, a subsidiary of I.G. Burton & Company, Inc., ("I.G. Burton," or "Defendant"), to enforce provisions of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621-624. ("ADEA"), which incorporates by reference section 16(c) of the Fair Labor Standards Act of 1938 ("FLSA"). The EEOC alleged that I.G. Burton subjected certain individuals to disparate treatment on the basis of their ages, seventy-five (75) and above, by discharging them from employment.

B.  This Consent Decree is entered into by the EEOC and I.G. Burton. This Consent Decree shall be final and binding between the EEOC and I.G. Burton, its directors, officers, agents, employees, successors or assigns (collectively, "I.G. Burton").

C.  The EEOC and I.G. Burton hereby agree to the entry of this Consent Decree, which shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 06-524-SLR, brought in the United States District Court for the District of

1

Delaware (the "Complaint"). Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED, and DECREED that:

## NON-DISCRIMINATION AND NON-RETALIATION

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. I.G. Burton shall comply with the ADEA and shall not engage in any employment practice that constitutes unlawful discrimination under the ADEA. Specifically, I.G. Burton shall not treat any employee in the protected age category in a disparate manner.

3. I.G. Burton shall not retaliate in any manner against any person because of that person's opposition to any practice alleged or believed to be unlawful under the ADEA, or because of the filing of a charge of discrimination, the giving of testimony or assistance, or the participation in any manner in any investigation, hearing or proceeding brought pursuant to the ADEA.

4. I.G. Burton shall comply fully with all provisions of the ADEA. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit or expand the obligations of I.G. Burton under the ADEA or the EEOC's authority to process or litigate any charge of discrimination which maybe filed against I.G. Burton in the future.

## NON-ADMISSION

5. This Decree is being entered with the consent of the Commission and I.G. Burton. It shall not constitute an adjudication or finding on the merits of this action nor shall it be construed as an admission of liability by I.G. Burton.

## MONETARY RELIEF

6. Defendant I.G. Burton agrees to pay monetary relief in the total amount of Seventy Thousand Dollars ($70,000.00), in full settlement of all claims against it that were raised

in the EEOC's Complaint. Such payment will be made in the form of three checks, in amounts made payable to John Collison, Blair McMasters, and Richard Sachs as set forth below:

(a) Defendant will pay monetary relief in the amount of Twenty-Six Thousand Dollars ($26,000.00), less all lawful deductions to Blair McMasters. Defendant shall not deduct its share of Social Security and Medicare contributions from the payment to Mr. McMasters. Payment will become due after the expiration of the seven (7) day revocation period provided for in the Release to be signed by Mr. McMasters, attached as Exhibit 1. Within fifteen (15) business days of expiration of the revocation period, Defendant will mail the payment to Blair McMasters at the address provided by the EEOC. Defendant will mail a photocopy of the check to the EEOC, to the attention of Mary Tiernan, Esquire, within five days of the date of mailing of the check to Mr. McMasters.

(b) Defendant will pay monetary relief in the amount of Twenty-Two Thousand Dollars ($22,000.00), less all lawful deductions to John Collison. Defendant shall not deduct its share of Social Security and Medicare contributions from the payment to Mr. Collison. Payment will become due after expiration of the seven (7) day revocation period, provided for in the Release to be signed by Mr. Collison, attached as Exhibit 2. Within fifteen (15) business days of expiration of the evocation period Defendant will mail the payment to John Collison at the address provided by the EEOC. Defendant will mail a photocopy of each check to the EEOC, to the attention of Mary Tiernan, Esquire, within five days of the date of mailing of the check to Mr. Collison.

(c) Defendant will pay monetary relief in the amount of Twenty-Two Thousand Dollars ($22,000.00), less all lawful deductions to Richard Sachs. Defendant shall not deduct its share of Social Security and Medicare contributions from the payment to Mr. Sachs. Payment will become due after the expiration of the seven (7) day revocation period provided for in the Release to be signed by Mr. Sachs, attached as Exhibit 3. Within fifteen (15) business days of expiration of the evocation period, Defendant will mail the payment to Richard Sachs at the address provided by the EEOC. Defendant will mail a photocopy of each check to the EEOC, to the attention of Mary Tiernan, Esquire, within five days of the date of mailing of the check to Mr. Sachs.

(d) No other payment shall be made to Messrs. Collison, McMasters, Sachs, or any other persons to resolve this matter.

7. In the event that any of the three named claimants should become deceased before payment is tendered by I.G. Burton in accordance with paragraph six, above, his payment shall

transfer to his designated beneficiary or beneficiaries surviving pursuant to the testation and probate laws of the State of Delaware.

## POSTING OF NOTICE

8. Within ten (10) business days after entry of this Decree, I.G. Burton shall post same-sized copies of the Notice attached as Exhibit 4 to this Decree on the bulletin board at the I.G. Burton office at 793 Bay Road, Milford, DE 19963, where employees employed as Drivers review notices, bulletins, or announcements. The Notice shall remain posted for two (2) years from the date of entry of this Decree. Counsel for I.G. Burton shall provide a copy of the Notice, and a statement of the date and location of its posting, to the EEOC's Philadelphia District Office, or Mary Tiernan, Esquire, within ten (10) days of the posting. I.G. Burton shall permit a representative of the EEOC to enter I.G. Burton's premises for purposes of verifying compliance with this Paragraph at anytime during normal business hours without prior notice. I.G. Burton shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Should the posted copies become defaced, removed, marred, or otherwise illegible, I.G. Burton agrees to immediately post a readable copy in the same manner as set forth in this paragraph.

## TRAINING

9. I.G. Burton shall provide training on the requirements of the ADEA on the following terms:

   (a)  I.G. Burton agrees to provide training sessions to its Managers and Supervisory employees who oversee workers employed as Drivers on employee's rights and the employer's obligations under the ADEA. This training will emphasize what constitutes unlawful discrimination, how to keep the company free of any such form of discrimination, and what constitutes unlawful retaliation.

   (b)  I.G. Burton shall first provide training in accordance with Paragraph 9(a) by no later than 180 calendar days of the entry of this Consent Decree. I.G.

>Burton shall also provide such training on at least one occasion in calendar years 2008 and 2009.

10. I.G. Burton shall obtain the EEOC's approval of its proposed trainer prior to the training sessions. I.G. Burton shall submit the name, address, telephone number and resume of the proposed trainer, together with the date(s) of the proposed training sessions to the EEOC within thirty (30) calendar days prior to the first day of the proposed date of training. The EEOC shall have ten (10) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer(s). Approval of the proposed trainer will not be unreasonably denied. In the event, however, that the EEOC does not approve I.G. Burton's designated trainer, I.G. Burton shall have ten (10) calendar days to identify an alternate trainer.

11. I.G. Burton agrees to provide the EEOC with any and all copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions upon request.

12. I.G. Burton shall certify to the EEOC in writing within ten (10) business days after completion of the training sessions required by Paragraphs 9(a & b) above. Such certification shall include: (i) the dates, location and duration of the training session; (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance; and (iii) a listing of all current employees, including temporary employees, as of the date of the training.

### **DISPUTE RESOLUTION**

13. In the event that either party to this Decree believes that the other party has failed to comply with any provision of the Decree, the complaining party shall notify the other party of the alleged non-compliance within ten (10) days of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to

satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## MISCELLANEOUS PROVISIONS

14. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

15. The terms of this Decree are and shall be binding upon the EEOC and representatives, agents, directors, officers, assigns, and successors of I.G. Burton in their capacities as representatives, agents, directors and officers of I.G. Burton, and not in their individual capacities. This paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree.

16. This Consent Decree shall fully and finally resolve all claims that were raised by the EEOC in the Complaint.

17. This Consent Decree shall be filed in the United States District Court for the District of Delaware (the "Court"), and shall continue to be in effect for a period of three (3) years from the date of filing. Any application by any party to modify or vacate this Consent Decree during such period shall be made by motion to the Court on no less than thirty (30) days notice to the other party.

18. The Court retains jurisdiction over this case in order to enforce the terms of the Consent Decree.

[Signatures follow on next page]

| | |
|---|---|
| RONALD S. COOPER<br>General Counsel<br><br>JAMES L. LEE<br>Deputy General Counsel<br><br>GWENDOLYN YOUNG REAMS<br>Equal Employment Opportunity<br>Commission<br>1801 L Street, NW<br>Washington DC 20507<br><br>/s/<br>_____<br>JACQUELINE MCNAIR<br>Regional Attorney<br><br>/s/<br>_____<br>TERRANCE R. COOK<br>Supervisory Trial Attorney<br><br>/s/<br>_____<br>MARY M. TIERNAN<br>Senior Trial Attorney<br>Equal Employment Opportunity<br>Commission<br>Philadelphia District Office<br>801 Market Street, Suite 1300<br>Philadelphia, PA  19107-3127<br>Telephone: (215) 440-2828<br><br>and<br><br>{signature continued on following page} | /s/ Barry M. Willoughby<br>_____<br>Barry M. Willoughby  (I.D. No. 1016)<br>Margaret M. DiBianca  (I.D. No. 4539)<br>YOUNG CONAWAY STARGATT & TAYLOR,<br>LLP<br>The Brandywine Building, 17th Floor<br>1000 West Street, P.O. Box 391<br>Wilmington, DE 19899<br>Telephone: (302) 571-6666;-5008<br>Facsimile: (302) 576-3345;-3476<br>E-mail: bwilloughby@ycst.com;<br>mdibianca@ycst.com<br>Attorneys for Defendant |

COLM F. CONNOLLY
United States Attorney

/s/ Douglas McCann
DOUGLAS MCCANN (I.D. No. 3852)
Assistant United States Attorney
U.S. Attorney's Office
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE  19899-2046
Telephone: (302) 573-6277
Facsimile: (302) 573-6220
E-mail: douglas.mccann@usdoj.gov

So Ordered this _____ day of _____, 2007.

_____
The Honorable Sue L. Robinson
United States District Court Judge

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> I.G. BURTON OF SEAFORD, LLC, A SUBSIDIARY OF I.G. BURTON & COMPANY, INC., <br><br> Defendant. | ) ) ) ) ) ) C.A. No. 06-524-SLR ) ) ) ) ) ) ) |

## RELEASE

In consideration for Twenty-Six Thousand Dollars and No Cents ($26,000.00), less applicable deductions, to be paid to me by I.G. Burton, in connection with the resolution of EEOC v. I.G. Burton, C.A. No. 06-524-SLR (D. Del.) (the "Complaint"), I waive my right to recover for any claims of termination based on age arising under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621-24 (the "ADEA"), that I had against I.G. Burton prior to the date of this release and that were included in the claims alleged in the Complaint.

1. I acknowledge that I have been advised to consult with an attorney prior to executing this Agreement and have either done so or have freely chosen not to do so.

2. **Age Claim**. I have been informed and understand that I am releasing any rights or claims I may have under the ADEA and that were included in the Complaint.

3. **Right to Revoke**. I have been informed of my right to revoke this Agreement and Release as far as it extends to potential claims under the ADEA, by informing I.G. Burton and the EEOC of my intent to revoke this Release within seven (7) calendar days following execution of the Release. To be effective, written notice of revocation must be delivered by hand or mail to I.G. Burton at the address of their attorney and to the EEOC at 801 Market Street, Philadelphia, PA 19107.

4. **Consideration Period**. I have been informed that the terms of this Release shall be open for acceptance and execution by me for a period of twenty-one (21) days during which time I may consider whether to accept it. No payments or benefits shall be provided pursuant to this Release until I execute this Release and the revocation period described in Paragraph 3 has expired.

Signature:

_____
Blair M. McMasters

_____
Date

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                Plaintiff,<br>v.<br><br>I.G. BURTON OF SEAFORD, LLC, A SUBSIDIARY OF I.G. BURTON & COMPANY, INC.,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 06-524-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **RELEASE**

In consideration for Twenty-Two Thousand Dollars and No Cents ($22,000.00), less applicable deductions, to be paid to me by I.G. Burton, in connection with the resolution of EEOC v. I.G. Burton, C.A. No. 06-524-SLR (D. Del.) (the "Complaint"), I waive my right to recover for any claims of termination based on age arising under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621-24 (the "ADEA"), that I had against I.G. Burton prior to the date of this release and that were included in the claims alleged in the Complaint.

1. I acknowledge that I have been advised to consult with an attorney prior to executing this Agreement and have either done so or have freely chosen not to do so.

2. **Age Claim**. I have been informed and understand that I am releasing any rights or claims I may have under the ADEA and that were included in the Complaint.

3. **Right to Revoke**. I have been informed of my right to revoke this Agreement and Release as far as it extends to potential claims under the ADEA, by informing I.G. Burton and the EEOC of my intent to revoke this Release within seven (7) calendar days following execution of Release. To be effective, written notice of revocation must be delivered by hand or mail to I.G. Burton at the address of their attorney and to the EEOC at 801 Market, Suite 1300, Philadelphia, PA 19107.

4. **Consideration Period**. I have been informed that the terms of this Release shall be open for acceptance and execution by me for a period of twenty-one (21) days during which time I may consider whether to accept it. No payments or benefits shall be provided pursuant to this Release until I execute this Release and the revocation period described in Paragraph 3 has expired.

Signature:

_____

John Collison

_____

Date

EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>              Plaintiff,<br>   v.<br><br>I.G. BURTON OF SEAFORD, LLC, A SUBSIDIARY OF I.G. BURTON & COMPANY, INC.,<br><br>              Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 06-524-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

## Release

In consideration for Twenty-Two Thousand Dollars and No Cents ($22,000.00), less applicable deductions, to be paid to me by I.G. Burton, in connection with the resolution of EEOC v. I.G. Burton, C.A. No. 06-524-SLR (D. Del.) (the "Complaint"), I waive my right to recover for any claims of termination based on age arising under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621-24 (the "ADEA"), that I had against I.G. Burton prior to the date of this release and that were included in the claims alleged in the Complaint.

1. I acknowledge that I have been advised to consult with an attorney prior to executing this Agreement and have either done so or have freely chosen not to do so.

2. **Age Claim**. I have been informed and understand that I am releasing any rights or claims I may have under the ADEA and that were included in the Complaint.

3. **Right to Revoke**. I have been informed of my right to revoke this Agreement and Release as far as it extends to potential claims under the ADEA, by informing I.G. Burton and the EEOC of my intent to revoke this Release within seven (7) calendar days following execution of Release. To be effective, written notice of revocation must be delivered by hand or mail to I.G. Burton at the address of their attorney and to the EEOC at 801 Market Street, Philadelphia, PA 19107.

4. **Consideration Period**. I have been informed that the terms of this Release shall be open for acceptance and execution by me for a period of twenty-one (21) days during which time I may consider whether to accept it. No payments or benefits shall be provided pursuant to this Release until I execute this Release and the revocation period described in Paragraph 3 has expired.

Signature:

_____
Richard Sachs

_____
Date

EXHIBIT 4

## NOTICE TO ALL I.G. BURTON EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the United States District Court in and for the District of Delaware in the matter captioned as in *EEOC v. I.G. Burton, a subsidiary of I.G. Burton & Company, Inc.*, Civil Action Number 06-524-SLR, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC"), against I.G. Burton of Seaford, LLC, a subsidiary of I.G. Burton & Company, Inc. ("I.G. Burton").

The Age Discrimination in Employment Act, 29 U.S.C. §§ 621-624, as amended, ("ADEA"), prohibits discrimination against employees and applicants for employment based upon their age. The ADEA further prohibits retaliation against employees or applicants who avail themselves of the rights under the ADEA by engaging in protected activities, such as complaining internally of age discrimination, filing a charge of discrimination and/or testifying or participating in a Commission investigation. The EEOC is the federal agency that investigates charges of unlawful employment discrimination. The EEOC has the authority to bring lawsuits in federal court to enforce the ADEA.

In its lawsuit, the EEOC alleged that I.G. Burton subjected certain employees employed as drivers to disparate treatment based on their age, in violation of the ADEA. I.G. Burton denies these allegations.

To resolve the case, I.G. Burton and the EEOC entered into a Consent Decree which provided, among other things, that: (1) I.G. Burton will not discriminate on the basis of age; (2) I.G. Burton, Inc, will not retaliate against any person because he or she opposed any practice made unlawful by the ADEA, filed a charge of discrimination, participated in any ADEA proceeding, or asserted any rights under the Consent Decree; and (3) I.G. Burton will train designated employees regarding age discrimination and the anti-retaliation provisions of the ADEA.

If you believe you have been discriminated against, you may contact the EEOC at (800) 669-4000. The EEOC charges no fees and has employees who speak languages other than English.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two (2) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to the: Regional Attorney, EEOC Philadelphia District Office, 801 Market, Suite 1300, Philadelphia, PA 19107.

U.S. Equal Employee Opportunity Commission

I.G. Burton

Dated: _____

Dated: _____

DB02:6379000.3

064932.1002